VERNON J. TATUM, JR.         *      NO. 2023-CA-0807

VERSUS                    *      COURT OF APPEAL

WILLIAM PEOPLES AND     *      FOURTH CIRCUIT
CATINA PEOPLES AND XYZ
INSURANCE COMPANIES      *      STATE OF LOUISIANA

                              *

                              *
* * * * * * *

*TFL*

**LOVE, C. J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

I concur with the majority's decision to grant the Peoples' Motion to Strike designated portions of Mr. Tatum's brief because the brief violates Uniform Rules, Court of Appeal, Rule 2-12.2(B). However, I find that material issues of fact and law remain regarding Mr. Tatum's ability to prove strict liability or negligence which preclude summary judgment relief. Accordingly, I dissent from the majority's decision to affirm the trial court's grant of summary judgment in favor of the Peoples.

***Strict Liability***

The Supreme Court established in *Pepper v. Triplet*, 2003-0619, pp. 20, 21 (La. 1/21//04), 864 So.2d 181, 195, that a plaintiff must show that an owner's dog presented an unreasonable risk of harm in order to find the owner strictly liable. In the instant case, the majority indicates that Mr. Tatum cannot meet that burden of proof, citing the Peoples' affidavit. The affidavit attested that their dog had no history of aggression; did not regularly bark at people; had never bitten anyone before, and had shown to be docile by playing with the Peoples' kids and friends. The majority accredits the Peoples' affidavit and states that the "Peoples had no reason to believe that their dog would bite anyone." This accreditation of the

1

Peoples' self-serving attestation and belief that their dog would not bite anyone amounts to a credibility determination that the Peoples' are being truthful; however, "a trial court cannot make credibility determinations on a motion for summary judgment." *Henderson v. Capdeville*, 2022-0655, p. 14 (La. App. 4 Cir. 3/3/23), 358 So.3d 1021, 1029 (citation omitted).

In *Henderson*, 2022-0655, p. 1, 358 So.3d at 1022, the trial court granted the teacher/defendant's motion for summary judgment as to whether the defendant had sexually assaulted the minor plaintiff. The defendant denied the allegations and attached affidavits from several parties asserting that he could not have committed the assault. In reversing the trial court, this Court noted that "making evaluations of credibility have no place in the summary judgment procedure." *Id.*, 2022-0655, p. 14, 358 So.3d at 1029. Moreover, although the majority references that Mr. Tatum had not submitted proof at the time of summary judgment to counter the Peoples' affidavit, summary judgment remains inappropriate "even if the trial court has grave doubts regarding a party's ability to establish disputed facts." *Id.*

### Negligence

The Supreme Court in *Pepper*, 2003-0619, p. 27, 862 So.2d at 27, recognized that a pet owner can also have liability in negligence under the traditional duty/risk analysis, whereby the plaintiff must prove the following elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). In the present matter, Mr. Tatum, who appears *pro se*, argues that the Peoples' created an unreasonable risk of harm

2

because their dog, a German Shepherd, is one of the most aggressive dog breeds and the subsequent repair of their yard fence showed the fence was defective. These allegations are sufficient to state a negligence claim.

Although La. C.E. art. 407 prevents the admissibility of subsequent remedial repairs as evidence, the alleged repair does relate back to a fact issue: whether the gate was unsecured when the Peoples' dog left their premises and bit Mr. Tatum. The present facts support that Mr. Tatum was attacked and bitten by the dog as he was walking on the sidewalk; and after the attack, the dog returned to an unlocked gate outside of the Peoples' property. Our courts have recognized a general duty for an owner to protect the public and his neighbors from harm caused by a dog. *Pepper*, 2003-0619, p. 27, 864 So.2d at 199. In *Pepper*, 2003-0619, pp. 28-29, 864 So.2d at 200, the Court concluded that the owner was not negligent, in part, because the plaintiff knowingly unlocked the gate and entered the owner's fenced property. Contrariwise, here, Mr. Tatum contends his injuries resulted from the Peoples' negligence in their failure to secure their gate and allow an aggressive dog breed to leave their premises. Mr. Tatum's contentions as to the inherent aggressiveness of a German Shepherd and the Peoples' alleged failure to secure their gate are questions of fact. As such, these factual disputes defeat the Peoples' summary judgment claim as they raise issues of material fact and law regarding Mr. Tatum's capacity to prove the elements of negligence at trial. Hence, the Peoples—the movers—never shifted the burden of proof onto Mr. Tatum as they failed to put on a *prima facie* case that no genuine issues of material fact remained. *See Henderson*, 2022-0655, p. 10, 358 So.3d at 1027.

Based on the foregoing reasons, I respectfully concur in part and dissent in part; and accordingly, would reverse the judgment granting the Peoples' motion for summary judgment.

3